## SIBEY v PFAU

Ohio Appeals, 1st Dist, Hamilton Co
No. 3811. Decided April 13, 1931

M. G. Heintz and T. M. Cowguill, Cincinnati, for Sibey.

Matthews & Matthews and A. P. Conlon, Cincinnati, for Pfau.

ROSS, J.

The evidence shows that the defendant observed an advertisement in a newspaper, indicating that the plaintiff wished to dispose of the real estate in controversy. A real estate agent, Kathman met the defendant and took him in his automobile to inspect the flat buildings on the premises.

The defendant stated on the witness stand that he was a fast buyer and did not waste time, and that he acted quickly when he bought real estate.

The agent and the defendant made what seems to be rather a superficial examination, although this must have shown that the premises consisted of two buildings joined or "spliced" together, and some twenty years different in age. Only one flat was entered by the defendant and he claims that the agent told him that the other flats contained hardwood floors and tile mantels, similar to those in the flat inspected. The evidence of an unbiased witness, the tenant of this flat, negatives this assertion. After the inspection, the defendant signed a written offer to purchase the property, which was accepted by the owner.

It is claimed that this offer was made under an express stipulation that the other flats were similar to the one inspected, in that they contained hardwood floors and tile mantels. Nothing of this kind was inserted in the offer. If the representation was made and was of as great moment as it now is represented by the defendant to be, it is rather strange that the defendant did not mention the reservation in his offer. The contract provided: "It is understood that the total rentals when fully rented are $385.00 per month and will be prorated on date of settlement." There is nothing in the record to indicate that the rentals were not as represented.

Repeatedly and possibly over-forcefully the defendant now iterates and reiterates that he told the agent that the offer was dependent upon the other flats having hardwood floors and tile mantels. In this we feel the defendant overreaches himself, for if he relied upon the alleged statements of the agent that the other flats were equipped with hardwood floors and tile mantels, it is rather strange that the defendant should constantly state to the agent that if they were not so equipped, his offer was void, and thus at once challenge the truth of the representation upon which he now states be implicitly relied, and cast a doubt upon such reliance.

A check for $500.00 was given as a deposit. The defendant states he told the agent that this check would not be honored unless the other flats were as represented. Taking the defendant's own statements at face value, it would seem that he was very skeptical as to the truth of the alleged representation, and in view of the precautions taken to secure himself placed little reliance in this.

The evidence is conclusive that the offer was made by the defendant without reserve, and being accepted is binding upon him.

The evidence fails to show that the offer of defendant was secured through any

fraud of the owner or his agent.

The plaintiff is entitled to the relief of specific performance prayed for in the petition.

A decree may be entered accordingly.

HAMILTON and CUSHING, JJ, concur.